MICHAEL T. DOUDNA
SBN: 119686
Law Offices of Michael T. Doudna, Inc.
2677 N. Main St., Suite 520
Santa Ana, CA 92705-8636
Phone: 714-550-7028
E-mail: mtdesq@sbcglobal.net

Attorney for Petitioner RYON LESLIE ROOT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

———————

| | |
|---|---|
| RYON LESLIE ROOT,<br><br>                    Petitioner,<br>vs.<br><br>THE UNITED STATES<br>DEPARTMENT OF STATE,<br><br>                    Respondent. | **CASE NO.: 8:23-MC-00001 ROOT** |

## PETITION FOR WRIT OF MANDATE

# TABLE OF CONTENTS

Page

PETITION FOR WRIT OF MANDATE.............................................................. 1

TABLE OF CONTENTS ................................................................................. 2

TABLE OF AUTHORITIES ............................................................................ 3

INTRODUCTION ........................................................................................... 5

JURISDICTION ............................................................................................. 5

PRAYER ....................................................................................................... 9

DECLARATION OF MICHAEL T. DOUDNA ........................................... 10

MEMORANDUM .......................................................................................... 11

        QUESTIONS PRESENTED ............................................................. 11

POINTS, AUTHORITIES AND ARGUMENT............................................. 12

        ANSWERS ........................................................................................ 12

CONCLUSION ............................................................................................. 23

Exhibit A ...................................................................................................... 26

Exhibit B ...................................................................................................... 28

Exhibit C ...................................................................................................... 30

Exhibit D ...................................................................................................... 32

Exhibit E ...................................................................................................... 34

# TABLE OF AUTHORITIES

**Page**

## Cases

*Aptheker v. Sec'y of State*,
378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1964) ............................................. 15

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ................................... 12, 13

*Bell Atlantic v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ................................... 12, 13

*Board of Airport Comm'rs of Los Angeles v. Jews for Jesus, Inc.*,
482 U.S. 569, 107 S.Ct. 2568, 96 L.Ed.2d 500 (1987) ......................................... 23

*Doe v. Attorney General*,
941 F.2d 796 (1990) ............................................................................................. 14

*Eunique v. Powell*,
302 F.3d 971 (9th Cir.2002) ................................................................................. 15

*Ibrahim v. Dep't of Homeland Sec.,*
No. C 06-00545 WHA, 2012 WL 6652362 (N.D.Cal., Dec. 20, 2012) .................. 16

*In Re Crawford*,
194 F.3d 954 (1999) ........................................................................................ 13, 14

*Joshua D. Blank, Collateral Compliance*,
162 U. Pa. L. Rev. 719 (2014) ............................................................................. 18

*Kent v. Dulles*,
357 U.S. 116, 78 S.Ct. 1113, 2 L.Ed.2d 1204 (1958) ....................................... 15, 16

*Maehr v. United States Department of State* ................................................. 5, 13, 17, 18

*Mohamed v. Holder*,
995 F.Supp.2d 520, (E.D.Va. Jan. 22, 2014) ....................................................... 16

*Painting Indus. of Hawaii v. Dept. of Air Force*,
26 F.3d 1479 (9th Cir.1994 ................................................................................... 14

*Treasury Employees v. Von Raab*,
489 U.S. 456 (1989) ............................................................................................. 15

*United States v. Reese*,
627 F.3d 792 (10th Cir.2010) ....................................................................... 17, 18, 21

*United States v. Salerno,*
    481 U.S. 739 (1987) ......................................................................... 22, 23

*Washington State Grange v. Washington State Republican Party,*
    552 U.S. 442, n. 6 (2008) ..................................................................... 23

## Statutes

*11 U.S.C. §110(c)* ..................................................................................... 13

*18 U.S.C. §§ 2721-23* ............................................................................... 14

*22 U.S.C. §2714* ......................................................................................... 5

*22 U.S.C. §2714a* ............................................................................... passim

*22 U.S.C. §2714a(e)(1), (2)* ...................................................................... 17

**22 U.S.C. §2714a(f)(1)** ....................................................................... passim

*28 U.S.C. §1331* ................................................................................... 5, 13

42 U.S.C. §652(k) ..................................................................................... 18

5 U.S.C. 553(b) ......................................................................................... 21

5 U.S.C. 553(d)(3) ..................................................................................... 21

*I.R.C. §7345* ............................................................................................. 17

*I.R.C. §7345(c)* ......................................................................................... 17

## Rules

*22 C.F.R 51.70(b)(2)* .................................................................................. 7

*22 C.F.R. 51* ............................................................................................. 21

*22 C.F.R. 51.60(f)* .............................................................................. 16, 21

*Federal Rule of Civil Procedure 12(b)(6)* ................................................. 12

*Federal Rule of Civil Procedure 8* ............................................................ 12

## Acts

(FAST ACT) *Fixing America's Surface Transportation Act,*
    Pub. L. 114-94, 129 Stat. 1312 (2015) ................................ 17, 18, 21, 22

## Doctrines

*Overbreadth* ....................................................................................... 22, 23

## INTRODUCTION

For two decades, the Petitioner has had a lawful passport from the United States that allowed him to travel internationally. He never provided a Social Security Number (hereinafter referred to as SSN) to obtain his original passport, or any renewals until the current version of *22 U.S.C. §2714a*, which now demands the production of an SSN before the application will be accepted.

Petitioner, via this Writ application, challenges the constitutionality of *22 U.S.C. §2714* because there is no substantial basis for the Department of State to require an SSN when one applies for a Passport.

## JURISDICTION

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *28 U.S.C. §1331, Maehr v. United States Department of State.*

Petitioner above-named, seeks a writ of mandate directed to the United States State Department alleging the following:

### (1)

On February 5, 2001, the Petitioner was issued a Passport by Respondent. Respondent did not require a Social Security Number to issue said Passport. (A copy of the original Passport is attached as Exhibit "A").

**(2)**

On November 12, 2010 Respondent issued Petitioner a renewed Passport.
Respondent did not require a social Security Number to renew said Passport. (A copy of
this Passport is attached as Exhibit "B").

**(3)**

Prior to expiration of the renewed Passport that was issued on November 12, 2010,
Petitioner filed an application with Respondent to have his Passport renewed.

**(4)**

On February 26, 2021, Respondent sent a letter to Petitioner informing him that
his application for a Passport had been denied. The basis for the denial was that *22 U.S.C.
§2714a* now required applicants to provide a Social Security Number in order to have a
Passport issued. (A copy of this letter is attached as Exhibit "C").

**(5)**

Petitioner reapplied for a Passport on July 14, 2021. On December 3, 2021,
Respondent sent a letter to Petitioner informing him that this application for a Passport
had also been denied. The basis for the denial was that *22 U.S.C. §2714a* now required
applicants to provide a Social Security Number in order to have a Passport issued. (A
copy of this letter is attached as Exhibit "D").

**(6)**

On February 23, 2022, Petitioner sent a request to Respondent for an administrative hearing based upon the denial of his Passport renewal application, by Respondent, on February 26, 2021. Respondent denied Petitioner's request for an administrative hearing, alleging that Petitioner was not entitled to such a hearing under *22 C.F.R 51.70(b)(2)*. (A copy of Respondent's letter verifying these facts is attached as Exhibit "E").

**(7)**

Respondent's order denying Petitioner a renewed Passport was erroneous and in excess of its jurisdiction. Said order may be reviewed by a pretrial writ of prohibition/mandate.

**(8)**

Petitioner is not in custody.

**(9)**

Petitioner has no plain, speedy or adequate remedy at law, other than a writ of mandate. No pretrial appeal lies from the order of Respondent denying Petitioner's request to have his Passport renewed.

**(10)**

Petitioner is particularly aggrieved and prejudiced by the denial of his request for a renewed Passport, as he no longer has the pleasure of visiting other countries.  He is unable to visit friends and associates outside the United States and/or to conduct business transactions. Unless this Honorable Court issues a pretrial writ of mandate, Respondent will withhold the issuance of a renewed Passport to Petitioner, and in effect place Respondent under a "House Arrest" status within this country.

**(11)**

Petitioner is the party directly interested in this proceeding, and the Respondent who is affected by this Petition. All proceedings in this matter are within the territorial jurisdiction of the United States District Court, Central District of California.

**(12)**

No other petition for writ, or other remedy for the denial of Petitioner's Passport has been filed.

///

## PRAYER

WHEREFORE, Petitioner prays:

1)     A peremptory writ of mandate issued directing and compelling Respondent United States Department of State to vacate its order denying Petitioner's application for a Passport and make a new and different order granting said application and issue Petitioner a new Passport forthwith, or in the alternative;

2)     An alternative writ of mandate issued directing and compelling Respondent United States Department of State, to show cause before this Court, at a specified time and place, why Respondent United States Department of State, should not be required to vacate its order denying Petitioner's application to renew his Passport and make a new and different order granting said application; or

3)     That compulsion to obtain a Social Security account, as a prerequisite to a U.S. Passport application, be declared unconstitutional; and

4)     For such other relief as the Court deems proper.


Dated: __JANUARY 10, 2023__      Respectfully submitted,

                      By: *__/s/ Michael T. Doudna__*_____
                          MICHAEL T. DOUDNA
                          Attorney for Petitioner RYON LESLIE ROOT

## <u>DECLARATION OF MICHAEL T. DOUDNA</u>

I, the undersigned, say:

 I am an attorney licensed to practice in the State of California, and admitted to practice before this Honorable Court. I represent the Petitioner in this action. All facts alleged in the above document, not otherwise supported by citations to the record, exhibits, or other documents, are true of my own personal knowledge.

 I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on  <u>JANUARY 10, 2023</u>, in the City of Santa Ana, State of California.

     By:  <u>*/s/ **Michael T. Doudna**</u>
       MICHAEL T. DOUDNA
       Attorney for Petitioner RYON LESLIE ROOT

## MEMORANDUM

## QUESTIONS PRESENTED

1. **DOES THIS COURT HAVE SUBJECT MATTER JURISDICTION?**

2. **DO CITIZENS HAVE A RIGHT OF PRIVACY TO THEIR SOCIAL SECURITY NUMBERS?**

3. **DOES THE PETITIONER HAVE A RIGHT TO INTERNATIONAL TRAVEL?**

4. **DOES DENIAL OF PETITIONER'S U.S. PASSPORT APPLICATION INFRINGE UPON HIS RIGHT TO TRAVEL?**

5. **WHAT IS THE LEGISLATIVE INTENT, IF ANY, UNDER 22 U.S.C. §2714a(f)(1), DENYING A U.S. PASSPORT WITHOUT A SOCIAL SECURITY ACCOUNT?**

6. **IS THE STATUTE UNCONSTITUTIONAL AS APPLIED?**

7. **SHOULD THE ENTIRE STATUTE BE FOUND UNCONSTITUTIONAL AS OVERBROAD?**

## POINTS, AUTHORITIES AND ARGUMENT

## ANSWERS

### 1. THIS COURT DOES HAVE JURISDICTION IN THIS MATTER

To survive a motion to dismiss under *Federal Rule of Civil Procedure 12(b)(6),* a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556, 127 S.Ct. 1955. "The plausibility standard is not akin to a `probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*,550 U.S. at 546, 127 S.Ct. 1955). When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

The pleading standard under *Federal Rule of Civil Procedure 8* "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557, 127 S.Ct. 1955.

The Petitioner has demonstrated through the exhibits attached to this Petition that the United States Department of State refuses Petitioner's request for a Passport based upon a statute that Petitioner alleges is unconstitutional.

In addition, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331, *Maehr v. United States Department of State*.

## 2.   CITIZENS HAVE A RIGHT TO PRIVACY IN REGARDS TO A SOCIAL SECURITY NUMBER

One recent Ninth Circuit case to explore constitutional informational privacy rights is *In Re Crawford*, 194 F.3d 954 (1999). In that case, a non-attorney Bankruptcy Petition Preparer ("BPP") objected to the Federal Statute (*11 U.S.C. §110(c)*) requiring BPPs to provide a Social Security Number ("SSN") on documents submitted to the court. Id. at 956. He claimed that forcing him to release a Social Security Number on public court documents violated his right to privacy, and subjected him to the possibility of credit card fraud. See id. The Court stated that "the indiscriminate public disclosure of SSN, especially when accompanied by names and addresses, may implicate the

constitutional right to informational privacy." Id. at 958. It went on to note that an SSN is

a unique and private identifier, not generally disclosed to the public, and that "disclosure

of SSN can raise serious privacy concerns." Id.; see also *18 U.S.C. §§ 2721-23* ("The

Driver Privacy Protection Act") (prohibiting the states from releasing confidential

information contained in drivers' records, such as SSN and addresses); *Painting Indus. of

Hawaii v. Dept. of Air Force*, 26 F.3d 1479, 1482-83 (9th Cir.1994 (recognizing

"substantial privacy interests" related to the disclosure of federal payroll records, under

FOIA).

Nevertheless, the Court held that the statute in question did not violate a

constitutional right to privacy because the statute was justified by a proper governmental

interest. Id. at 959 ("The right to informational privacy, however, 'is not absolute; rather,

it is a conditional right which may be infringed upon a showing of proper governmental

interest.'") (quoting *Doe v. Attorney General*, 941 F.2d at 796 (1990)). In determining

whether there is such a proper governmental interest, the government bears the burden of

establishing that "'its use of the information would advance a legitimate state interest and

that its actions are narrowly tailored to meet the legitimate state interest.'"

In the instant case, the existence of a citizen's SSN to the Department of State fails

to advance a legitimate governmental interest when there is no information, whatsoever,

to support even a suspicion of wrongdoing.

In order for the actions of Respondent to be upheld in this case, Respondent must

show a factual requirement. Requiring the production of an SSN simply to go on a

"fishing expedition" should never be allowed. "The permissibility of a particular practice 'is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *Treasury Employees v. Von Raab,* 489 U.S. 456 at p. 619. (1989). Moreover, the statute is wrong because it forces the applicant, on a U.S. Passport application or renewal, to acquire a Social Security Number to travel internationally.  It imposes a "Social Contract" that has not been accepted by the applicant and implements applicant, de facto, a national I.D. number.

Acquiring a Social Security Number is a voluntary act.  When a citizen applies for a Social Security Number, he/she creates a contract with the government.  There is no legal compulsion for a U.S. Citizen to apply.  As a Social Security Number is not mandatory, production of an SSN on a passport application is not relevant and should not be imposed, absent a legitimate government interest.

### 3.  <u>THE PETITIONER HAS A RIGHT TO INTERNATIONAL TRAVEL</u>

The Ninth Circuit has concluded the right to travel internationally is protected by substantive due process. See *Eunique v. Powell*, 302 F.3d 971 (9th Cir.2002) (recognizing the right to international travel as a protected right under substantive due process although the Court did not agree about the appropriate level of scrutiny). See also *Aptheker v. Sec'y of State*, 378 U.S. 500, 505, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1964) (quoting *Kent v. Dulles*, 357 U.S. 116, 127, 78 S.Ct. 1113, 2 L.Ed.2d 1204 (1958) ("The right to travel abroad is 'an important aspect of the citizen's liberty' guaranteed in the

*Due Process Clause of the Fifth Amendment."*)); *Mohamed v. Holder,* 995 F.Supp.2d 520, 537, No. 1:11-CV50 (AJT/TRJ), 2014 WL 243115, at *14 (E.D.Va. Jan. 22, 2014); *Ibrahim v. Dep't of Homeland Sec.,* No. C 06-00545 WHA, 2012 WL 6652362, at *7 (N.D.Cal., Dec. 20, 2012).

It is undoubtedly true that there is a constitutional right to international travel. *Kent v. Dulles*, 357 U.S. 116, 125, 78 S.Ct. 1113, 1118, 2 L.Ed.2d 1204 (1958).

## 4. <u>THE U.S. DEPARTMENT OF STATE'S REFUSAL TO ISSUE PETITIONER A U.S. PASSPORT IS AN INFRINGEMENT ON PETITIONER'S RIGHT TO TRAVEL ABROAD, AND THE COURT SHOULD APPLY A MIDDLE-TIER STANDARD OF REVIEW</u>

The U.S. Department of State rejected Petitioner's latest renewal application because a Social Security Number was not provided.  This was his second renewal request.  His original passport was issued on February 5, 2001 (Exhibit "A"), and the first renewal was issued on November 12, 2010.  In both instances, a Social Security Number was not provided on the application.  The authority cited by the U.S. Department of State is *22 U.S.C. §2714(a),* (Exhibits "C" and "D").  In addition, *22 C.F.R. 51.60(f)* was cited as authority to reject Petitioner's application.

This is an infringement.  Petitioner cannot travel without a U.S. Passport.  The real issue is: what is the government's interest, and what standard of review should be applied in balancing the infringement on Petitioner's right to travel.  We suggest this Court

should adopt an intermediate standard of review.  To withstand intermediate scrutiny, a statutory classification must be related to an important government objective. *United States v. Reese,* 627 F.3d 792, 802 (10th Cir.2010).

The issue was partly addressed in *Maehr v. United States Department of State*, 5 F.4th 1100 (10th Cir.2021).

In 2015, Congress passed, and the President signed into law, the *Fixing America's Surface Transportation Act* ("FAST Act"), Pub. L. 114-94, 129 Stat. 1312 (2015), an omnibus transportation bill that included a provision permitting the denial or revocation of passports for taxpayers with significant tax debts.  Under the FAST Act, if a taxpayer is subject to a delinquent federal tax debt of $50,000.00 or more, the IRS may certify the delinquency to the Secretary of the Treasury, who in turn transmits the certification to the Secretary of State.  *I.R.C. §7345.*  The Secretary of State is thereafter prohibited from issuing a new passport to the taxpayer and is authorized, though not required, to revoke a previously issued passport. *22 U.S.C. §2714a(e)(1), (2).*  These consequences remain with the taxpayer until any of several circumstances occur, such as full satisfaction of the tax debt, entry into an installment agreement with the IRS, or a finding that the original certification was erroneous.  *I.R.C. §7345(c).*

In denying *Maehr's* appeal, the Court Said: "Passport revocation under the FAST Act is thus an example of a species of **tax penalties known as collateral sanctions**. "Unlike traditional tax penalties that require noncompliant taxpayers to pay money to the taxing authority, collateral tax sanctions require noncompliant taxpayers to forfeit a

nonmonetary government benefit or service." *Joshua D. Blank, Collateral Compliance*, 162 U. Pa. L. Rev. 719, 728 (2014). They "increasingly apply to individuals who have failed to obey the tax law," perhaps because they "can promote voluntary tax compliance more effectively than the threat of additional monetary tax penalties." Id. at 720. States and federal government impose a variety of collateral tax sanctions, ranging from diminished housing assistance to the cancelling of driver's licenses. Id. at 739-40. Passport revocation had not been used to thwart tax delinquency until the FAST Act, but it has been used in the context of non-payment of child support. See 42 U.S.C. *§652(k)." (Maehr supra).*

The Court then concluded that ***an intermediate level of scrutiny test should be applied***. "To withstand ***intermediate scrutiny***, a statutory classification must be substantially related to an important governmental objective."); *United States v. Reese,* 627 F.3d 792, 802 (10th Cir. 2010).

"To pass constitutional muster under ***intermediate scrutiny***, the government has the burden of demonstrating that its objective is an important one, and that its objective is advanced by means substantially related to that objective." (*Maehr* supra).

In the instant case, Petitioner would submit that the constraint placed upon his Passport, by the Department of State, fails to meet the ***middle scrutiny*** test.

In all of the prior decisions by the Federal Courts, in this area, the complaining party had some underlying basis for the travel restriction. The basis relied upon was a type of "wrongdoing" committed by the citizen who was burdened by the travel

restriction, be that back taxes or child support. It has not been alleged that Petitioner owes either.

In this case, there is *no basis, whatsoever*, to restrict the Petitioner's right to international travel. The reason given by Respondent is that Petitioner refused to provide a Social Security Number.  Clearly the need for that, as stated by the Federal Courts, is for revenue generating purposes. That purpose is acceptable if the citizen owes money or owes child support.

In imposing such a restriction on international travel, the State Department is **presuming** that all Americans must have something to hide if they do not obtain and/or disclose an SSN. Under the Department of State's current interpretation of *22 U.S.C. §2714a,* the due process Constitutional right of over ***151 million United States citizens*** to travel abroad could be rescinded simply because those citizens do not disclose a Social Security Number, even though there is no basis in fact to suspect that that citizen has done anything wrong.  How can the U.S. State Department require disclosure of a Social Security Number when the U.S. born citizen is not required by law to obtain it.

In this case, there is NO EVIDENCE that the Petitioner owes any money to the Government because of unpaid taxes, or that he is delinquent on child support payments. The restraint does not fulfill an important government objective and is, therefore, unconstitutional.  It is an outrageous infringement of Petitioner's right to international travel without any claim of "substantial good cause" to justify said restriction.

## 5.   THE STATUTE LACKS LEGISLATIVE INTENT OR ANY STATED PURPOSE

The actual statute at issue is not *Section 22 U.S.C. §2714a,* as stated in Exhibits "C" and "D." *Section 22 U.S.C. §2714a* is a broader section that also applies to individuals with serious tax debts.  The Section that applies to Petitioner is *22 U.S.C. §2714a(f)(1).*  This reads is as follows:

> "(f) REVOCATION OR DENIAL OF PASSPORT IN CASE OF INDIVIDUAL WITHOUT SOCIAL SECURITY ACCOUNT NUMBER
>
> (1) DENIAL
>
> (A) In general
>
> Except as provided under subparagraph (B), upon receiving an application for a passport from an individual that either –
>
> (i)  does not include the social security account number issued to that individual, or
>
> (ii)  includes an incorrect or invalid social security number willfully, intentionally, negligently, or recklessly provided by such individual,

> the secretary of State is authorized to deny
> such application and is authorized to not
> issue a passport to the individual."

This Section is also codified in *22 C.F.R. §51.60(f)*.

However, there is no legislative intent or stated purpose with the passage of this Section in FAST Act. Id.

The only comment on this Section is found by the Department of State *22 C.F.R. 51* (Public Notice 9678) Regulatory Findings, Administrative Procedure Act:

> "Because this rulemaking implements the
> Congressional mandates within the FAST Act and
> IML, the Department is publishing this rulemaking
> without notice and comment under the 'good cause'
> exemption of 5 U.S.C. 553(b). The Department
> believes that public comment on this rulemaking would
> be unnecessary, impractical, and contrary to the public
> interest. In addition, for the same reasons, the effective
> date for this rulemaking is the date of publication in
> accordance with the 'good cause' provision of 5 U.S.C.
> 553(d)(3)."

We are left to speculate as to any reason why this Section was passed and attached to the FAST Act.  And, without a stated purpose, there is no legitimate government interest to deny Petitioner's passport renewal.

### 6.   THE STATUTE IS UNCONSTITUTIONAL AS APPLIED

An "as-applied challenge" contends that the law is unconstitutional as applied to the litigant's particular activity, even though the law may be capable of valid application to others. *United States v. Salerno*, 481 U.S. 739 (1987*).* An "as-applied challenge" does not implicate the enforcement of the law against third parties. Rather, a litigant may separately argue that discriminatory enforcement of a statute, as to his personal activity, is affected by such statute.

Petitioner asserts that *22 U.S.C. §2714a(f)(1),* is unconstitutional, as explained above.  As applied to the Petitioner, the statute allows the Respondent to restrict Petitioner's right to international travel, without any anticipation that such a restriction will generate any revenue for the Government or is related to a failure to pay child support or any other legitimate government interest.

### 7.   THE ENTIRE STATUTE IS UNCONSTITUTIONAL, AS OVERBROAD

*Overbreadth* doctrine is an exception to the usual rules of standing, designed to prevent the chilling effect overbroad statutes may have on parties not before the Court. See *Board of Airport Comm'rs of Los Angeles v. Jews for Jesus, Inc.*, 482 U.S. 569, 575-

76, 107 S.Ct. 2568, 2572-73, 96 L.Ed.2d 500 (1987). Where a statute's *Overbreadth* is substantial, its chilling effect is likely to be significant, and consequently the entire statute may be invalidated. An overbroad law is one that affects or regulates more conduct that is intended to be regulated by the statute or regulation.

In the First Amendment context, a law may be invalidated as overbroad if "a 'substantial number' of its applications are unconstitutional,' "judged in relation to the statute's plainly legitimate sweep." ' " *Washington State Grange v. Washington State Republican Party,* 552 U.S. 442, 449, n. 6 (2008).  However, the *Overbreadth* doctrine is not limited to first amendment cases. *United States v. Salerno,* 481 U.S. 739 (1987).

There are in excess of 150 million valid passports being held by citizens of the United States.  Under the current interpretation of *22 U.S.C. §2714a(f)(1),* Respondent has the power to require all of those individuals, when they submit a passport application, to obtain an SSN, without first establishing a legitimate governmental interest to support such a requirement.  The statute is overbroad, without a stated purpose or intent.


## CONCLUSION

Over 150 million United States citizens hold valid United States passports. Each one of those individuals has a right to the informational privacy of his/her Social Security Number, if he/she chooses to obtain one. In addition, each citizen has a right to international travel, should he/she elect to do so.

The actions of the United States Department of State, in refusing to issue a

passport without the citizen acquiring a Social Security Number, infringes **BOTH** of those very valuable right, on a massive scale. Literally, every holder of a valid United States passport, and those who seek to apply for such a passport, are impacted by the application of *22 U.S.C. §2714a(f)(1),* which fails to require the government to establish, 1) that the requirement is substantially related to an important governmental objective, 2) that the information would advance a legitimate state interest, and 3) that the government's actions are narrowly tailored to meet the legitimate state interest.

For all the reasons set forth above, Petitioner moves for this Honorable Court to declare *22 U.S.C. §2714a(f)(1),* unconstitutional and void its application in this particular case, and in all future cases.


Respectfully submitted,

Dated:  January 10, 2023          */s/ Michael T. Doudna*
                                  MICHAEL T. DOUDNA
                                  Attorney for Petitioner Ryon Leslie Root

# Exhibit A



*(Petitioner's original U.S. Passport, issued February 5, 2001)*

## Exhibit A

# Exhibit B



*(Petitioner's renewed U.S. Passport, issued 11/12/2010)*

## Exhibit B

# Exhibit C



United States Department of State

*New Orleans Passport Center*
*44132 Mercure Circle*
*PO Box 1115*
*Sterling, Virginia 20166-1115*

February 26, 2021

Ryon Leslie Root
4014 Calle Sonora Oeste Apt 1A
Laguna Woods, CA 92637

RE: 424029419

Dear Mr. Root:

Thank you for your passport request. Your passport renewal application was received on October 14, 2020 at the New Orleans Passport Center. You submitted a passport application that did not provide your correct Social Security Number.

Under 22 U.S.C 2714a, a passport application may be denied if the applicant does not provide her/his Social Security Number or willfully, intentionally, negligently, or recklessly provides an incorrect or invalid Social Security Number.

On December 17, 2020 we requested that you provide your Social Security Number. You either did not provide your Social Security Number or provided an incorrect or invalid Social Security Number. Therefore, a U.S. passport cannot be issued to you at this time, and your application is denied.

Sincerely,

Customer Service Department

Enclosure(s):
Expired US Passport Book 476678686

If you have any questions please contact the National Passport Information Center: 1-877-487-2778 (TTY/TDD: 1-888-874-7793)

**For general passport information or to check the status of your passport application, please visit us on-line at** travel.state.gov.

*(Respondent's Letter Dated February 26, 2021)*

<u>**Exhibit C**</u>

# Exhibit D



**United States Department of State**

*National Passport Center*
*44132 Mercure Circle*
*PO Box 1108*
*Sterling, Virginia 20166-1108*

December 3, 2021

Ryon Leslie Root
4014 1A Calle Sonora Oeste
Laguna Woods, CA 92653

RE: 686436506

Dear Mr. Root:

Thank you for your passport request. Your passport application was signed on June 24, 2021 and received at the National Passport Center on July 14, 2021.  You submitted a passport application that did not provide your correct Social Security Number.

Under 22 U.S.C 2714a, a passport application may be denied if the applicant does not provide her/his Social Security Number or willfully, intentionally, negligently, or recklessly provides an incorrect or invalid Social Security Number.

You either did not provide your Social Security Number or provided an incorrect or invalid Social Security Number.  Therefore, a U.S. passport cannot be issued to you at this time, and your application is denied.

Sincerely,


Customer Service Department

Enclosure(s):
Birth Certificate
Passport # 476678686

*(Respondent's Letter Dated December 3, 2021)*


## Exhibit D

# Exhibit E



United States Department of State

Washington, D.C.   20520

March 29, 2022

Via email: ryon@alh.net

Ryon Leslie Root
4014 Calle Sonora Oeste, Unit 1A
Laguna Woods, CA 92637

Dear Mr. Root:

On February 23, 2022, the Department of State received a request for an administrative hearing submitted on your behalf by Representative Katie Porter's Office. The request is regarding the February 26, 2021 denial of your application for a U.S. passport. The Department denied your application pursuant to 22 C.F.R. § 51.60(f), which provides that a passport application may be denied if the applicant does not provide her Social Security Number ("SSN") or willfully, intentionally, negligently, or recklessly provides an incorrect or invalid SSN.

As noted in the Department's February 26, 2021 denial letter, your application was denied because you failed to comply with the Department's requirements that you either provide your SSN or a signed statement under penalty of perjury that you have never been issued an SSN. As such, you are not entitled to a hearing to review the basis of the denial under 22 C.F.R. § 51.70(b)(2).

You may re-apply for a U.S. passport by properly executing a new application, providing all required information, including your SSN or a signed statement under penalty of perjury that you have never been issued an SSN, presenting the appropriate identity and citizenship documents, and paying all required fees.

Thank you for contacting the U.S. Department of State.

Sincerely,

Bureau of Consular Affairs
Passport Services
Office of Adjudication

*(Respondent's Letter Dated December 3, 2021)*

## Exhibit E